27 AD3d 581, 582 [2006]; *People v Rhodes*, 11 AD3d 487, 488 [2004]). Any error resulting from the remaining challenged remarks was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Torres*, 71 AD3d at 1063). Furthermore, defense counsel's failure to object to the challenged remarks did not constitute ineffective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Delamota*, 74 AD3d 1225, 1227 [2010]; *People v Lopez*, 69 AD3d 958 [2010]).

Insofar as the defendant's contention that he did not authorize defense counsel to claim that he was acting under the influence of extreme emotional disturbance is based upon matter which is dehors the record, it is not reviewable on this appeal (*see e.g. People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]). To the extent that this contention can be reviewed, the record establishes that defense counsel properly consulted and informed the defendant and that the defendant freely agreed to proceed with the defense.

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT D. EDNEY, Appellant. [913 NYS2d 921]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 7, 1975 (*People v Edney*, 47 AD2d 906 [1975]), affirming a judgment of the County Court, Nassau County, rendered May 3, 1974.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745, *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANSFORD NEIL GLASHEN, Appellant. [911 NYS2d 908]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 20, 1998 (*People v Glashen*, 249 AD3d 489 [1998]), affirming a judgment of the County Court, Westchester County, rendered September 20, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the